IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE DIVISION

| | |
|---|---|
| PATTIE BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:12-cv-00188 |
| | ) JUDGE HAYNES |
| MAURY COUNTY BOARD OF EDUCATION, | ) ) ) |
| Defendant, | ) |

## JOINT AGREED PROTECTIVE ORDER

Come now the parties, by and through their undersigned counsel, agreeing that certain discovery requests have been made and may in the future occur requesting certain materials that constitute or contain personal, private, confidential or proprietary information. The parties are willing to enter into this Agreed Protective Order as a condition to the disclosure and use of any such Confidential Information (as more fully defined below in paragraph number 1) and/or inspection and copying of any such Confidential Information, and agree to be bound by the foregoing Order. Accordingly, it is

ORDERED:

1. <u>Definition of Confidential Information.</u> The following shall constitute Confidential Information:

   (a) Non-public personal and commercial financial information and other information of defendant that contains trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information;

(b) Any other information, documents, or things subject to protection under the law, including, but not limited to, Fed. R. Civ. P. 26, as may be so designated.

(c) Any testimony regarding Confidential Information as defined in Paragraphs 1(a)-(b) above;

(d) Extracts and summaries prepared from such materials set forth in (a) - (c); and

(e) Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to the Confidential Information.

2. <u>Designation of Confidential Information.</u>

(a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding;

(b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence. Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition;

(c) If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

3. Confidential Information shall be used solely for the preparation, trial and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order.

4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to any other parties, except as set for below:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

(b) Independent consultants and/or experts retained by the parties to work on the action; provided, however, that before any such consultant or expert is shown or receives any Confidential Information, s/he must read a copy of this Agreed Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto;

(c) Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Agreed Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(d) Stenographic court reporters and videographers engaged for depositions or other proceedings necessary to the conduct of the action;

(e) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(f) The Court and Court personnel;

5. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of information claimed to be restricted by this Agreed Protective Order shall bring the dispute before the Court for a determination and the party challenging the designation bears the burden of proving that a document should not be designated as Confidential Information.

6. Except as expressly provided herein, nothing in this Agreed Protective Order is intended to limit or have the effect of limiting either party's right to make use of

such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, the relevant Local Rules of Court, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Agreed Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court. (This order does not address evidentiary objections.)

7. If, at the time of trial or in connection with any pretrial or other hearing, counsel for a party intends to introduce any material made subject to this Agreed Protective Order produced by any opposing party and designated by that opposing party as "CONFIDENTIAL," he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may (but is not required to) take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Agreed Protective Order.

8. Neither the provisions of this Agreed Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential Information shall, in this litigation, or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or information meeting or not meeting the definition of Confidential Information in Paragraph 1 above. Upon discovery of an inadvertent non-designation the discovering party will immediately notify the opposing party and the information, document or

material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Agreed Protective Order. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

9. Within sixty (60) days after the final termination of this action, including all appeals, all Confidential Information, all copies of such Confidential Information and all excerpts, notes, extracts, summaries, and analyses therefrom shall be returned to the party who produced the Confidential Information or the party in possession of such Confidential Information shall certify, through counsel, that such material has been destroyed.

10. The provisions of this Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary. Any party may seek modification of it provisions upon notice and hearing if necessary.

ENTER this the __18th__ day of __April__, 2012.

_____
JUDGE

N:\DATA\Docs\007709\000948\02463050.DOC
5
Case 1:12-cv-00188 Document 9-1 Filed 04/17/13 Page 5 of 7 PageID #: 46